IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MARK H. KING,<br><br>　　　　　　Defendant. | **8:19CR56**<br><br>ORDER |

　　　　The defendant originally appeared before the court on April 16, 2019 regarding the Petition for Action on Conditions of Pretrial Release [25]. Richard H. McWilliams represented the defendant. Sean Lynch represented the government. The defendant was advised of the alleged violations of pretrial release, the possible sanctions for violation of a release condition, and the right to a hearing in accordance with the Bail Reform Act. 18 U.S.C. § 3148.

　　　　The defendant denied violating release conditions. The Court held a disposition hearing and took judicial notice of the petition and violation report. Both parties were given an opportunity to present evidence and make argument. The government requested the court not rule on the violation until they could submit case law to the court on the position they were arguing. The court gave the government until 12:00 p.m. on April 17, 2019 to submit their case law to the court. The government subsequently filed a Motion to Reconsider Detention [33]. In the motion, the Government requested the court set a hearing on the Motion to Reconsider Detention in lieu of pursuing the Pretrial Services Violation.

　　　　On April 18, 2019, a hearing was held regarding the Petition for Action on Conditions of Pretrial Release [25] and Motion to Reconsider Detention [33]. Richard H. McWilliams represented the defendant. Kelli L. Ceraolo represented the government. The court first took up the Pretrial Services Violation. After consideration of the parties' evidence and arguments, the Court does not find there is probable cause that a crime was committed or clear and convincing evidence that a condition was violated. Therefore,

the Court finds the defendant has not violated the Order Setting Conditions of Release [13].

The court then took up the government's Motion to Reconsider Detention [33]. The basis of the motion is that the defendant's circumstances have changed since the detention hearing and certain facts were not known to the government, pretrial services officer or the court at the previous detention hearing held on April 16, 2019. Both parties were given an opportunity to present evidence and make argument. The court stated on the record the impact the new information had on the issue of detention and how that would have impacted the court's decision regarding detention had the court known the information at the original detention hearing on April 16, 2019. The court found that the government's Motion to Reconsider Detention [33] should be granted and the defendant should be detained. Again, the reasons for detention were stated on the record in addition to the following reasons.

There is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense involving a minor victim. Based on the information the court originally received on April 16, 2019, and the additional information that was presented at the hearing on April 18, 2019, the court finds that the defendant no longer has sufficient evidence to rebut the presumption above, and detention is ordered on this basis.

If one were to find the defendant did rebut the presumption, the court further finds that after considering the factors set forth in 18 U.S.C. § 3142(g), and the information presented at the motion hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. In addition to any findings made on the record at the hearing, the reasons for detention include the following: the weight of evidence against the defendant is strong; the defendant is subject to a lengthy period of incarceration if convicted; the defendant lacks stable employment; it is unclear if the defendant has a stable and suitable residence; the nature and circumstances of the offense charged; the mental condition of the defendant; and the nature and seriousness

of the danger posed by the defendant's release. In addition, the defendant has been charged with two felony charges: Vulnerable Adult Abuse and Theft by Unlawful Taking, $5,000 or more. Defendant was charged with these offenses after being released on the current case. The facts for these underlying offenses show that these offenses occurred prior to Defendant's release but were occurring at the same time the federal offenses were to have occurred.

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

DATED this 18th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge